UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH FERRARA, SCOTT JOHNSON, and MICHAEL TRINCA, individually and on behalf of all other persons similarly situated who were employed by UNITED AUTO SUPPLY OF SYRACUSE, INC., and/or any other entities affiliated with or controlled by UNITED AUTO SUPPLY OF SYRACUSE, INC. <br><br> Plaintiffs, <br><br> -against- <br><br> UNITED AUTO SUPPLY OF SYRACUSE, INC. and/or any other entities affiliated with or controlled by UNITED AUTO SUPPLY OF SYRACUSE, INC. <br><br> Defendant. | COMPLAINT <br><br> FLSA COLLECTIVE ACTION <br><br> And <br><br> CLASS ACTION <br><br> Docket No.: 5:24-cv-00337 (DNH/ML) <br><br> **JURY TRIAL DEMANDED** |

Named Plaintiffs Joseph Ferrara, Scott Johnson, and Michael Trinca ("Named Plaintiffs"), by their attorneys Gattuso & Ciotoli, PLLC; allege upon knowledge to themselves and upon information and belief as to all other matters as follows:

**PRELIMINARY STATEMENT**

1. This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 206, 207, and 216(b); New York Labor Law § 190 *et seq.*, New York Labor Law §§ 650 *et seq.* and 663; 12 New York Codes, Rules and Regulations (hereinafter referred to as "NYCRR") §§ 142 *et. seq.* to recover unpaid wages and overtime compensation, as well as related damages, owed to the Named Plaintiffs and all similarly situated persons (collectively "Plaintiffs") who are presently or were formerly employed by United Auto Supply of Syracuse, Inc., and/or any other entities affiliated with or controlled by United Auto Supply of

1

Syracuse, Inc. (hereinafter "Defendants") in trades and occupations entitled to receive overtime compensation.

2. Beginning in or before March 2018 and continuing through the present, Defendant has engaged in a policy and practice of depriving its employees of the applicable straight time wages and overtime wages for work they performed as mandated by federal and state law.

3. Upon information and belief, Defendant also failed to provide appropriate wage notices and proper pay statements to Named Plaintiffs and those similarly situated as required under NYLL.

4. Named Plaintiffs have initiated this action seeking for themselves, and on behalf of all similarly situated employees, all compensation, including straight time wages and overtime compensation of which they were deprived, plus interest, damages, and attorneys' fees and costs.

## JURISDICTION

5. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under New York Labor Law.

6. The statute of limitations under FLSA, 29 U.S.C. § 255(a), for willful violations is three (3) years.

7. The statute of limitations under New York Labor Law § 198(3) is six (6) years.

## VENUE

8. Venue for this action in the Northern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Northern District of New York.

## THE PARTIES

9. Named Plaintiff Joseph Ferrara is an individual who is currently a resident of Cayuga County, New York, and was employed by Defendant as a part-time Driver from approximately May 2021 to December 20, 2023.

10. Named Plaintiff Scott Johnson is an individual who is currently a resident of Cayuga County, New York, and was employed by Defendant as a full-time Driver, and then Warehouse Associate, from approximately 2022 through 2023.

11. Named Plaintiff Michael Trinca is an individual who is currently a resident of Onondaga County, New York, and was employed by Defendant as a full-time Warehouse Supervisor, and then Warehouse Manager, from November 20, 2021, to January 10, 2024.

12. Defendant United Auto Supply of Syracuse, Inc. is a domestic corporation organized and existing under the laws of the State of New York and authorized to do business within the State of New York, with a principal place of business at 1200 State Fair Blvd., Syracuse, NY 13209.

13. At all times relevant to this action, Defendant was the Named Plaintiffs' employer as defined by NYLL §§ 2(6), 190(3), and 651(6), as well as 29 U.S.C. § 203, *et seq.*

## CLASS ALLEGATIONS

14. Named Plaintiffs reallege and incorporate by reference all the allegations set forth above.

15. This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

16. This action is brought on behalf of Named Plaintiffs and a class consisting of similarly situated employees who worked for Defendant as Delivery Drivers, CDL Drivers, Warehouse Associates, Sales/Counter Representatives, Warehouse Supervisors, and any other similarly

situated employees who were paid hourly wages and who had 30-miniute meal breaks automatically deducted from their wages while working for Defendant United Auto Supply of Syracuse, Inc.

17. Upon information and belief, none of the positions held by the Named Plaintiffs and the putative class members are exempt from the rights and protections afforded under the FLSA and NYLL.

18. Named Plaintiffs and potential Plaintiffs who elect to opt-in as part of the collective action are all victims of Defendant's common policy and/or plan to violate the FLSA and NYLL by failing to pay Named Plaintiffs and those similarly situated, neither their regular hourly wage nor the minimum wage for all hours worked and overtime hours at one and one-half times their regular hourly wages for all hours worked in excess of 40 in a week.

19. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be hundreds of employees. Additionally, the names of all potential members of the putative class are not known.

20. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include but are not limited to: (1) whether Defendant failed to pay the Plaintiffs the appropriate regular or minimum wage for all hours worked up to 40 in a week and overtime wages for all hours worked in excess of 40 in a week; (2) whether Defendant failed to provide Plaintiffs with proper wage notices and pay statements during the time of their employment.

21. The claims of the Named Plaintiffs are typical of the claims of the putative class members. Named Plaintiffs and putative class members were all subject to Defendant's policies and willful

practice of failing to pay regular and/or minimum wages and failure to pay overtime wages for all hours worked; as well as Defendant's failure to provide wage notices as required by NYLL.

22. Named Plaintiffs and counsel will fairly and adequately protect the interests of the putative class. Named Plaintiffs have retained counsel experienced in complex wage and hour collective and class-action litigation.

23. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Named Plaintiffs and putative class action members lack the financial resources to adequately prosecute separate lawsuits against Defendant. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to Defendant's policies.

## FACTS

24. The Named Plaintiffs repeat each and every allegation previously made here and as if set forth fully herein.

25. This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b).

26. Named Plaintiff Joseph Ferrara was employed by Defendant from approximately May 2021 to December 20, 2023, as a part-time Driver.

27. From the date of his hire through 2022, Named Plaintiff Ferrara worked approximately 25-30 hours per week, working 4 days a week on Monday, Tuesday, Wednesday, and either Thursday or Friday, 9:00am – 4:30pm. From around mid-2023 through the date of his termination, Named Plaintiff's hours were cut to around 16-17 hours per week, working Monday and Wednesday from 8:00am – 4:30pm.

28. Named Plaintiff Ferrara was originally paid an hourly rate of $13.50/hour from when he was hired to around September 2022. From around September 2022 until his termination, he was paid an hourly rate of $15.00/hour.

29. Named Plaintiff Scott Johnson was employed by Defendant from 2022 thorugh 2023, as a full-time Driver and then Warehouse Associate.

30. For around the first two (2) to three (3) months of this employment, Named Plaintiff Johnson worked as a full-time Driver, and then was asked to become a Warehouse Associate, which he did for the remainder of his employment. He worked five (5) shifts per week, usually on Tuesdays through Fridays, and then a shift on either Saturday or Sunday depending on the week.

31. Named Plaintiff Johnson was paid an hourly rate of $16.00 per hour ($24.00 per hour for overtime).

32. Named Plaintiff Michael Trinca was employed by Defendant from November 20, 2021, to January 10, 2024, originally as a full-time Warehouse Supervisor for five (5) months, and was later promoted to a full-time Warehouse Manager for the remainder of his employment.

33. Over the entire course of his employment, Named Plaintiff Trinca worked approximately 45 hours per week, usually Monday – Friday 7:00am-3:30pm, but would also have to regularly come in on Saturdays to cover shifts.

34. Both of Named Plaintiff Trinca's positions were paid by the hour, including overtime wages. As a Warehouse Supervisor, Named Plaintiff Trinca was paid $23.00 per hour ($34.50 per hour for overtime), and as a Warehouse Manager he was paid $27.00 hour ($40.50 per hour for overtime).

35. This action is brought on behalf of the Named Plaintiffs and a putative class and collective consisting of similarly situated employees who worked for Defendant as hourly paid Drivers,

Warehouse Associates, Warehouse Order Pickers, Counter Representatives, Warehouse Supervisors, and other employees performing similar in furtherance of Defendant's operations as a wholesale distributor of automotive supplies and accessories.

36. While working for Defendant, Named Plaintiffs and other similarly situated employees were regularly required to perform work for Defendant without receiving pay for all hours worked and overtime compensation when appropriate, as required by applicable federal and state law.

37. For every shift over six (6) hours that was worked by hourly paid employees, Defendant would automatically deduct one-half hour (30 minutes) from pay for a meal break.

38. If an hourly employee took an uninterrupted work-free meal break, he or she would have to clock out and then clock back in using Defendant's time-keeping system.

39. However, an automatic 30-minute deduction would be applied to all hourly employees' time records for that day, even if they did not take an uninterrupted work-free meal break.

40. Upon information and belief, Defendant did not have a written policy formally memorializing this practice to notify its employees.

41. Employees only learned about Defendant's automatic meal break deductions through word-of-mouth from supervisors and management, and after seeing the deductions reflected in their pay.

42. Defendant did not have any procedures available for hourly employees to negate the automatic meal break deductions in the event the employees did not actually take a full uninterrupted work-free 30-minute meal break.

43. Upon information and belief, this procedure was the same for all members of the putative class and was applied to all hourly paid employees of Defendant.

44. Multiple hourly employees raised verbal complaints about Defendant's automatic time deduction for meal breaks when such breaks were not taken.

45. As a regular occurrence, the Named Plaintiffs would be too busy working to take a full or even partial meal break due to workload and staffing. Despite this, Defendant would still automatically deduct the one-half hour of pay from Named Plaintiffs' paychecks.

46. In certain weeks, upon information and belief, the deducted one-half hour of pay would cause one or more of the Named Plaintiffs, and those similarly situated, from receiving overtime compensation.

47. With respect to Named Plaintiff Ferrara:

A. Upon information and belief, Named Plaintiff Ferrara worked approximately four (4) 6+ hour-long shifts during numerous pay periods where he was automatically deducted a 30-minute meal break each day, but did not actually get to take an uninterrupted work-free break, resulting in two (2) hours of unpaid work that would have been paid at his normal rate of pay. Such pay periods included, but are not limited to:

1. 5/23/22 – 5/29/22 (paid for 26.08 hours)
2. 6/6/22 – 6/12/22 (paid for 22.07 hours)
3. 6/27/22 – 7/3/22 (paid for 25.05 hours)
4. 7/4/22 – 7/10/22 (paid for 28.95 hours)
5. 8/22/22 – 8/28/22 (paid for 37.03 hours)
6. 10/31/22 – 11/6/22 (paid for 22.15 hours)
7. 11/14/22 – 1/20/22 (paid for 23.22 hours)
8. 12/5/22 – 12/11/22 (paid for 23.62 hours)
9. 12/12/22 – 12/18/22 (paid for 29.00 hours)
10. 1/2/23 – 1/8/23 (paid for 25.40 hours)
11. 1/9/23 – 1/15/23 (paid for 25.52 hours)
12. 1/16/23 – 1/22/23 (paid for 22.55 hours)
13. 1/30/23 – 2/5/23 (paid for 22.43 hours)
14. 2/13/23 – 2/19/23 (paid for 29.05 hours)
15. 2/20/23 – 2/26/23 (paid for 28.85 hours)

B. Upon information and belief, Named Plaintiff Ferrara worked approximately three (3) 6+ hour-long shifts during numerous pay periods where he was automatically deducted a 30-minute meal break each day, but did not actually get to take an uninterrupted work-free break, resulting in one and a half (1.5) hours of unpaid work that would have been paid at his normal rate of pay. Such pay periods included, but are not limited to:

1. 6/20/22 – 6/26/22 (paid for 21.63 regular hours)
2. 9/5/22 – 9/11/22 (paid for 18.17 regular hours)
3. 9/19/22 – 9/25/22  (paid for 21.70 regular hours)
4. 9/26/22 – 10/2/22 (paid for 21.63 regular hours)
5. 10/17/22 – 10/23/22 (paid for 21.62 regular hours)
6. 11/7/22 – 11/13/22 (paid for 20.17 regular hours)
7. 11/28/22 – 12/04/22 (paid for 21.87 regular hours)
8. 2/6/23 – 2/12/23 (paid for 21.42 regular hours)
9. 3/6/23 – 3/12/23 (paid for 21.20 regular hours)
10. 3/13/23 – 3/19/23 (paid for 21.98 regular hours)
11. 8/7/23 – 8/13/23 (paid for 20.62 regular hours)

C. Upon information and belief, Named Plaintiff Ferrara worked approximately two (2) 6+ hour-long shifts during numerous pay periods where he was automatically deducted a 30-minute meal break each day, but did not actually get to take an uninterrupted work-free break, resulting in one (1) hour of unpaid work that would have been paid at his normal rate of pay. Such pay periods included, but are not limited to:

1. 6/13/22 – 6/19/22 (paid for 13.43 regular hours)
2. 12/26/22 – 1/1/23 (paid for 15.00 regular hours)
3. 6/16/23 – 6/25/23 (paid for 15.18 regular hours)
4. 7/10/23 – 7/16/23 (paid for 12.53 regular hours)
5. 7/31/23 – 8/6/23 (paid for 15.20 regular hours)
6. 8/14/23 – 8/20/23 (paid for 16.42 regular hours)
7. 8/21/23 – 8/27/23 (paid for 14.97 regular hours)
8. 9/11/23 – 9/17/23 (paid for 16.08 regular hours)
9. 10/9/23 – 10/15/23 (paid for 15.90 regular hours)
10. 10/16/23 – 10/22/23 (paid for 13.62 regular hours)
11. 10/23/23 – 10/29/23 (paid for 15.90 regular hours)
12. 10/30/23 – 11/5/23 (paid for 16.48 regular hours)
13. 11/6/23 – 11/12/23 (paid for 15.07 regular hours)

14. 11/13/23 – 11/19/23 (paid for 16.10 regular hours)
15. 11/27/23 – 12/3/23 (paid for 15.98 regular hours)
16. 12/4/23 – 12/10/23 (paid for 16.50 regular hours)
17. 12/11/23 – 12/17/23 (paid for 16.02 regular hours)
18. 12/18/23 – 12/24/23 (paid for 12.03 regular hours)

48. With respect to Named Plaintiff Johnson:

A. Upon information and belief, Named Plaintiff Johnson worked 40+ hours over the course of least five (5) 6+ hour-long shifts during numerous week-long pay periods where he was automatically deducted a 30-minute meal break each day, but did not actually get to take an uninterrupted work-free break, resulting in two-and-a-half (2.5) hours of unpaid work that would have been paid at his overtime rate. Such pay periods included, but are not limited to:

1. 2/13/23 – 2/19/23 (paid for 38.82 regular hours)
2. 2/20/23 – 2/26/23 (paid for 40 regular hours / 9.20 overtime hours)
3. 2/27/23 – 3/5/23 (paid for 40 regular hours / 6.47 overtime hours)
4. 3/27/23 – 4/2/23 (paid for 38.90 regular hours)
5. 6/26/23 – 7/2/23 (paid for 40 regular hours / 0.02 overtime hours)
6. 7/24/23 – 7/73/23 (paid for 40 regular hours / 5.08 overtime hours)
7. 7/31/23 – 8/6/23 (paid for 40 regular hours / 5.07 overtime hours)
8. 8/7/23 – 8/13/23 (paid for 40 regular hours / 1.38 overtime hours)
9. 8/14/23 – 8/20/23 (paid for 40 regular hours / 6.63 overtime hours)

B. Upon information and belief, Named Plaintiff Johnson worked approximately four (4) to five (5) 6+ hour-long shifts during numerous week-long pay periods where he was automatically deducted a 30-minute meal break each day, but did not actually get to take an uninterrupted work-free break, resulting in two (2) to two-and-a-half (2.5) hours of unpaid work that would have been paid at his normal rate of pay. Such pay periods included, but are not limited to:

1. 2/6/23 – 2/12/23 (paid for 36.32 regular hours)
2. 3/6/23 – 3/12/23 (paid for 26.08 regular hours)
3. 3/20/23 – 3/26/23 (paid for 26.08 regular hours)

4. 7/3/23 – 7/9/23 (paid for 26.08 regular hours)

49. With respect to Named Plaintiff Trinca, upon information and belief, he worked 40+ hours over the course of least five (5) 6+ hour-long shifts during numerous week-long pay periods where he was automatically deducted a 30-minute meal break each day, but did not actually get to take an uninterrupted work-free break, resulting in two-and-a-half (2.5) hours of unpaid work that would have been paid at his overtime rate. Such pay periods included, but are not limited to:

1. 8/22/22 – 8/28/22 (paid for 40 regular hours / 24.83 overtime hours)
2. 12/12/22 – 12/18/22 (paid for 40 regular hours / 11.83 overtime hours)
3. 8/21/23 – 8/27/23 (paid for 39.63 regular hours)
4. 11/6/23 – 11/12/23 (paid for 40 regular hours / 1.40 overtime hours)
5. 11/27/223 – 12/3/23 (paid for 40 regular hours / 0.18 overtime hours)
6. 12/4/23 – 12/10/23 (paid for 40 regular hours / 9.48 overtime hours)
7. 12/11/23 – 12/17/23 (paid for 40 regular hours / 4.70 overtime hours)

50. As a result, Named Plaintiffs and those similarly situated were routinely not paid for all hours worked and at times deprived of appropriate overtime compensation.

51. Defendant consistently and repeatedly used this policy, procedure, and method of automatically deducting one-half hour for meal breaks whether taken by the employee or not and at times failing to pay overtime across the members of the putative class

52. Furthermore, upon information and belief, Defendant never provided Named Plaintiffs and those similarly situated with all required wage notices or proper pay statements during their time of employment in violation of NYLL § 195(1) and (3). Because Named Plaintiffs were not provided with proper pay statements that accurately recorded the hours they worked in any given week they were unable to determine whether they were properly paid.

53. Named Plaintiffs have initiated this action seeking for himself, and on behalf of all similarly situated employees, all compensation, including straight time wages and overtime compensation of which they were deprived, plus interest, damages, and attorneys' fees and costs.

## **FIRST CAUSE OF ACTION**

## **UNPAID WAGES AND OVERTIME UNDER FLSA**

54. The Named Plaintiffs repeat each and every allegation previously made here and as if set forth fully herein.

55. The Named Plaintiffs and similarly situated hourly employees of Defendant bring this claim for relief pursuant to the Fair Labor Standards Act ("FLSA") at 29 U.S.C. § 201, et seq.

56. Under the FLSA, Named Plaintiffs and similarly situated hourly employees are entitled to be compensated for all hours worked where such time is compensable time and is also subject to the regular time and overtime provisions of sections 206 and 207 of the FLSA.

57. Defendant willfully, knowingly, purposefully, and recklessly failed to pay Named Plaintiffs and similarly situated hourly employees for all time worked, including time which would have qualified as overtime.

58. Upon information and belief, Named Plaintiffs and those similarly situated hourly employees frequently worked more hours than what they were paid for, resulting in a paycheck for less time than what the Named Plaintiffs and those similarly situated actually worked.

59. On this claim for relief, the Named Plaintiffs on behalf of themselves and other similarly situated hourly employees of Defendant seek the payment of all unpaid wages and unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked and wages actually paid to the Named Plaintiffs and other similarly situated employees.

60. The Plaintiffs also seeks an award of liquidated damages in the amount of 100% of the unpaid regular and overtime wages, plus attorneys' fees, interest, and costs as provided for by the FLSA.

## SECOND CAUSE OF ACTION

## NEW YORK OVERTIME WAGE COMPENSATION

61. The Named Plaintiffs repeat and re-allege the allegations set forth above as if fully set forth herein.

62. Title 12 NYCRR § 142-2.2 requires that, "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate for hours worked in excess of 40 hours in one workweek.

63. New York Labor Law § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorneys' fees."

64. Upon information and belief, Plaintiffs regularly worked more than forty 40 hours a week while working for Defendant.

65. Upon information and belief, Plaintiffs worked more hours than what they were paid for, including overtime hours.

66. Upon information and belief, Plaintiffs did not receive overtime compensation for all hours worked in excess of 40 hours in any given week.

67. Defendant willfully, knowingly, purposefully, and recklessly failed to pay Plaintiffs for all time worked, including time which would have qualified as overtime.

68. By the foregoing reasons, Defendant is liable to Plaintiffs in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees, and costs.

## THIRD CAUSE OF ACTION

## FAILURE TO PAY ALL WAGES UNDER NYLL

69. The Named Plaintiffs repeat each and every allegation previously made here and as if set forth fully herein.

70. Pursuant to Article Six of the New York Labor Law, workers, such as Named Plaintiffs and other members of the putative class action, are protected from wage underpayments and improper employment practices.

71. Pursuant to New York Labor Law § 190, the term "employee" means "any person employed for hire by an employer in any employment."

72. As person employed for hire by Defendant, Named Plaintiffs and other members of the putative class action are "employees," as understood in Labor Law § 190.

73. Pursuant New York Labor Law § 190, the term "employer" includes "any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."

74. As an entity that hired the Named Plaintiffs and other members of the putative class, Defendant is an "employer."

75. The Named Plaintiffs and other members of the putative class agreed upon wage rate and/or overtime compensation rate constitutes "wages" within the meaning of New York Labor Law §§ 190, 191.

76. Pursuant to New York Labor Law § 191 and the cases interpreting the same, workers such as Plaintiffs and other members of the putative class action are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

77. Pursuant to New York Labor Law § 652 and the cases interpreting same, "Every employer shall pay to each of its employees for each hour worked a wage of not less than" the statutory minimum wage.

78. In failing to pay the Named Plaintiffs and other members of the putative class proper wages for time worked in one week, Defendant violated New York Labor Law § 191, by failing to pay Plaintiffs and other members of the putative class all of their wages earned within the week such wages were due, and violated Labor Law § 652, by failing to pay Plaintiffs minimum wages for all hours worked.

79. Pursuant to New York Labor Law § 193, "No employer shall make any deduction from the wages of an employee," such as Plaintiffs and other members of the putative class, that is not otherwise authorized by law or by the employee.

80. By withholding wages for time worked in any given week from Named Plaintiffs and other members of the putative class, pursuant to New York Labor Law § 193 and the cases interpreting the same, Defendant made unlawful deductions in wages owed to Named Plaintiffs and other members of the putative class.

81. Pursuant to New York Labor Law § 198, Named Plaintiffs and those similarly situated bring this action to recover wages to which they are entitled.

82. Under NYLL, Named Plaintiff and similarly situated hourly employees are entitled to a half hour break when their scheduled shift exceeds 6 hours.

83. Additionally, Named Plaintiffs and similarly situated employees are also entitled to be paid for all hours worked and at an overtime rate of one and one-half times the regular hourly rate when their total hours exceeded 40 hours per week.

84. Even though Named Plaintiffs and similarly situated employees are entitled a half-hour rest breaks, and to be paid for all hours worked including overtime rates for hours exceeding 40 per week, Defendant failed and continues to fail to pay Named Plaintiff and those similarly situated for all hours worked at the appropriate rate of pay, including overtime rates for work in excess of 40 hours per week, as required under to NYLL §§ 190, *et. seq.*, 650, *et. seq.*, and, 19 NYCRR §§ 142, *et. seq.*

85. Upon information and belief, Defendant willfully, purposefully, and maliciously failed to pay the required compensation or provided the required rest periods as articulated in this claim for relief.

86. On this claim for relief, the Named Plaintiffs on behalf of themselves and other similarly situated hourly employees of Defendant seek the payment of all unpaid wages and unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked and wages actually paid for the Named Plaintiffs and other similarly situated employees.

87. The Plaintiffs also seek an award of liquidated damages in the amount of 100% of the unpaid regular and overtime wages, plus attorneys' fees, interest, and costs as provided for by the NYLL.

## FOURTH CAUSE OF ACTION

## FAILURE TO PROVIDE ANNUAL WAGE NOTICES UNDER NYLL

88. Named Plaintiffs re-allege and incorporate by reference all the allegations set forth above.

89. Defendant willfully failed to supply Named Plaintiffs and those similarly situated with wage notices, as required by NYLL § 195(1), in English or in the language identified as their primary language, containing Plaintiffs' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime

rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names use by the employer; the physical address of the employer's main office or principal place of business and a mailing address if different; the telephone number of the employer; plus, such other information as the commissioner deems material and necessary.

90. Named Plaintiffs and those similarly situated did not receive all required wage notices during their employment with Defendant.

91. Through their knowing or intentional failure to provide Named Plaintiffs and those similarly situated with the wage notices required by the NYLL, Defendant has willfully violated NYLL §§ 190 et. seq., and the supporting New York State Department of Labor Regulations.

92. According to NYLL § 198-1(b), Named Plaintiffs and those similarly situated are entitled to $50 for every day in which they did not receive a wage notice and/or statement, or a total of $5,000, together with costs and reasonable attorney's fees.

93. By the foregoing reasons, Defendant has violated NYLL § 195(1) and are liable to the Plaintiffs under NYLL § 198-1(b) in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

## FIFTH CAUSE OF ACTION

## FAILURE TO PROVIDE PROPER PAY STATEMENTS UNDER NYLL

94. The Named Plaintiffs repeat and re-allege the allegations set forth above as if fully set forth herein.

95. Defendant has willfully failed to supply Named Plaintiffs with proper and accurate pay statements, as required by NYLL § 195(3), listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer;

rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

96. Recording less hours on their paystubs than Named Plaintiffs' worked each week was part of Defendant's practice to deprive Plaintiffs of their regular and/or overtime pay.

97. By routinely providing Named Plaintiffs with inaccurate and/or misleading information, or by failing to provide information, Defendant made it more difficult for Plaintiffs to determine whether and to what extent they were underpaid each week, thus impinging on their rights and their ability to advocate for proper pay.

98. Through their knowing or intentional failure to provide Plaintiffs with pay statements as required by the NYLL, Defendant willfully violated NYLL §§ 190 et. seq., and the supporting New York State Department of Labor Regulations.

99. According to NYLL § 198-1(d), Plaintiffs are entitled to $250 for every day they did not receive a proper and accurate pay statement, or a total of $5,000, together with costs and reasonable attorney's fees.

100. By the foregoing reasons, Defendant violated NYLL §§ 195(3) and is liable to Plaintiffs under NYLL 198-1(d) in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

## JURY TRIAL DEMANDED

101. Plaintiff demands that all issues of fact be decided by a jury.

**WHEREFORE**, Named Plaintiff, individually and on behalf of all other persons similarly situated who were employed by Defendants, demand judgment:

1)   On the First Cause of Action against Defendant, all unpaid wages and unpaid overtime wages in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages and unpaid overtime to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the FLSA;

2)   On the Second Cause of Action against Defendant, all unpaid wages and unpaid overtime wages in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages and unpaid overtime to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to New York Labor Law, and

3)   On the Third Cause of Action against Defendant, all unpaid wages and unpaid overtime wages in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages and unpaid overtime to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to New York Labor Law, an

4)   On the Fourth Cause of Action, $50 for every week in which they did not receive a wage notice and/or statement, or a total of $5,000, together with costs and reasonable attorney's fees.

5)   On the Fifth Cause of Action, $250 for every day in which they did not receive a proper pay statement, or a total of $5,000, together with costs and reasonable attorney's fees.

(4)   Such other and further relief as this Court may deem just and proper.

Dated:  Fayetteville, New York
        March 8, 2024

                      **ATTORNEYS FOR THE PLAINTIFF AND PUTATIVE CLASS**

                      By: */s/ Frank S. Gattuso*
                      Frank S. Gattuso
                      GATTUSO & CIOTOLI, PLLC

The White House
7030 E. Genesee Street
Fayetteville, New York 13066
Phone: 315-314-8000
Fax: 315-446-7521 (fax)
fgattuso@gclawoffice.com

/s/ *Ryan G. Files*
Ryan G. Files
GATTUSO & CIOTOLI, PLLC
The White House
7030 E. Genesee Street
Fayetteville, New York 13066
Phone: 315-314-8000
Fax: 315-446-7521 (fax)
rfiles@gclawoffice.com